### UNITED STATES v. AMERICAN BELL TEL. Co. et al.

*(Circuit Court, D. Massachusetts. September 9, 1889.)*

EQUITY—PLEADING—AMENDMENTS.
Under Rev. St. U. S. § 954, giving the federal courts power to permit parties to amend pleadings at any time, on such conditions as they may prescribe, a motion by one defendant in equity to withdraw an answer and file the same plea as is filed by its co-defendant, will be granted when not made for the purpose of setting up a merely technical defense, nor after evidence has been taken, and it is probable that it will be more convenient to try the issue raised by the plea first, and where a replication has been filed to the co-defendant's plea.

In Equity. On motion for leave to amend.

*Charles S. Whitman, George A. Jenks,* and *Owen A. Galvin,* for complainant.

*Chauncey Smith, Elias Merwin,* and *James J. Storrow,* for defendant American Bell Telephone Company.

COLT, J. In this case the defendant company has filed a general answer to the bill, and the defendant Bell has filed a plea and answer in support thereof. The defendant company now asks leave to withdraw its answer, and to file the same plea and answer in support thereof which has been filed by Bell.

By section 954 of the Revised Statutes, the courts of the United States may, at any time, permit either of the parties to amend any defect in the process or pleadings, upon such conditions as they may in their discretion or by rule prescribe. The plenary power of the courts of the United States with respect to amendment of pleadings, under the acts of

congress, is recognized in *Eberly* v. *Moore*, 24 How. 147.    In *Hardin* v. *Boyd*, 113 U. S. 756, 5 Sup. Ct. Rep. 771, the supreme court states the rule as follows:

"In reference to amendments of equity pleadings the courts have found it impracticable to lay down a rule that would cover all cases.   This allowance must, at every stage of the cause, rest in the discretion of the court; and that discretion must depend largely on the special circumstances of each case.   It may be said, generally, that in passing upon applications to amend, the ends of justice should never be sacrificed to mere form, or by too rigid an adherence to technical rules of practice.   Undoubtedly, great caution should be exercised where the application comes after the litigation has continued for some time, or when the granting of it would cause serious inconvenience or expense to the opposite side.   And an amendment should rarely, if ever, be permitted where it would materially change the very substance of the case made by the bill, and to which the parties have directed their proofs."

It thus appears that the allowance of amendments of equity pleadings is a question of judicial discretion, depending largely on the special circumstances of each case.   The present motion is not open to the objection of introducing a new defense on a new state of facts, or of changing the substance of the case made by the bill.   It is not made for the purpose of setting up a merely technical defense; nor after the litigation has continued, and evidence has been taken; nor does it seem to me that granting it would cause inconvenience or expense to the other side.   Upon this last point it is urged by the defendants that it will be more convenient and less expensive to first try the question of fraud which is raised by the plea, and which may dispose of the case.   The counsel for the defendants further say that the general answer was filed on behalf of the Bell Company under the misapprehension that the equity rules of this court were the same as prevail in the Massachusetts state court, and that, but for this misapprehension, the same plea and answer in support thereof would have been filed on behalf of the defendant company as was filed by the defendant Bell.

Although the question of priority of invention is raised by the bill, the defendants insist that, when this case was before the supreme court on demurrer (128 U. S. 315, 9 Sup. Ct. Rep. 90,) that court first directed its attention to the question whether the bill contained sufficient allegations of fraud, and that the court refused to go a step beyond the position that the government had the power to bring suit to annul a patent in the event that it was obtained by fraud.   In view of this opinion of the supreme court it is urged that the issue of fraud should be first tried as to both of the defendants.   With the decision of the supreme court before me, I think there are strong equitable grounds for granting this motion.   Limiting the case to the question of fraud may confine the testimony within comparatively narrow bounds, whereas the question of priority alone involves a laborious and extensive examination.   If there is an issue in the case which may dispose of it without going into that elaborate investigation, it seems to me that the discretion of the court should be exercised in favor of such a limitation.

Again, so far as the defendant Bell is concerned, this issue must be

first tried, because the plaintiff has filed a replication to Bell's plea. While it must be admitted that a motion to withdraw an answer and substitute a plea is rare in equity causes, still, taking into consideration all the circumstances as presented in this case, I am of opinion that the justice and convenience of the case will be best promoted by having the issues proceed *pari passu* as to each defendant, and that, therefore, the motion should be granted. Motion granted.